# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40994
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2015

Lyle W. Cayce
Clerk

ODA GARCIA,

Plaintiff - Appellant

v.

CITY OF LAREDO, A Home Rule City; HECTOR GONZALEZ, Official
Capacity; OSCAR PEREZ, Official Capacity; CYNTHIA COLLAZO, Official
Capacity; MONICA FLORES, Official Capacity; RAUL CASSO, Official
Capacity,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CV-140

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff Oda Garcia appeals the denial of her request for a preliminary
injunction. In September of 2014, Garcia filed a motion to recuse Judge
Saldana, alleging that the judge's husband works for a defendant in the case.
This motion remains pending in the district court, and we previously denied
Garcia's motion to recuse Judge Saldana presented to our court because such

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-40994

a ruling would be premature. *Garcia v. City of Laredo*, Case No. 14-40994 (5th Cir. Nov. 17, 2014). We cannot determine from the record why no ruling has issued yet.

Under 28 U.S.C. § 455, a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" and also where her spouse "[i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(a) & (b)(5)(iii). The issue of recusal can affect rulings issued by the judge. *See Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 485 (5th Cir. 2003) (explaining circumstances under which reversal or vacation of orders entered by judge who should have recused is appropriate).

Because the district court has not yet addressed the motion, we lack the basis to determine whether Judge Saldana should recuse herself from the case or whether recusal would affect the validity of the district court's decision denying injunctive relief. We conclude that the district court should address the motion to recuse before we consider the earlier order. Accordingly, we REMAND the case to the district court for the limited purpose of considering the outstanding motion. Once that issue is resolved, this appeal will be returned to active status at which time Garcia may also request permission to file supplemental briefing.